## KNIGHT V. PEOPLE.

A person convicted by a justice of the peace is given the right of appeal to the county court by General Statutes of 1883, section 3315, and the county judge is the proper person with whom to file the record on appeal, and to approve the appeal bond; section 1982 so providing in civil and section 2047 in criminal cases.

*Error to Gunnison County Court.*

THE facts are stated in the opinion.

Messrs. GOUDY and TWITCHELL, for plaintiff in error.

T. H. THOMAS, Attorney-General, Messrs. GEORGE H. BARNES and J. M. RICKETTS, for defendant in error.

DE FRANCE, C.   The plaintiff in error, Knight, was prosecuted before a justice of the peace for the violation of an ordinance of the town of Crested Butte, and judgment was rendered against him that he pay a fine of $200, and costs of suit.   Within the time required by law Knight appealed the case to the county court.   The appeal bond was presented to and approved and filed by the county judge, and a transcript of the proceedings before the justice, together with the papers in the case, were certified to the county court by such justice.   On motion

of the defendant in error this appeal was dismissed by the county court. The appeal bond reads as follows:

"Know all men by these presents that we, W. M. Knight, J. W. Carlisle, of the county of Gunnison and state of Colorado, are held and firmly bound unto the people of the state of Colorado in the penal sum of $470, lawful money of the United States, for the payment of which well and truly to be made we, and each of us, bind ourselves, our heirs, executors and administrators, jointly and severally, firmly by these presents. Witness our hands and seals this 5th day of May, in the year of our Lord 1884. The condition of the above obligation is such that whereas, the said people of the state of Colorado did, on the 28th day of April, 1884, before Thomas Hookey, a justice of the peace in and for the county of Gunnison and the state of Colorado, on the trial of the said W. M. Knight upon a charge pending before said justice of the peace against him for violating an ordinance of the town of Crested Butte, the said W. M. Knight being found guilty of said charge, recover judgment against said W. M. Knight, and judgment was rendered against him for the sum of $200 fine and costs of suit, from which judgment the said W. M. Knight has prayed for and obtained an appeal to the county court of said county; now, if the said W. M. Knight shall personally be and appear before said county court on the first day of the next term thereof, to be held at the court-house in Gunnison, in said county, on the 2d day of June, A. D. 1884, and attend said court from day to day, and from term to term, and from day to day of each term, and not depart the court without leave, and abide the final order and judgment of the court, and shall prosecute his said appeal with effect, and shall pay whatever judgment may be rendered against him by the said county court upon the trial of said appeal, or by the consent, or, in case the appeal is dismissed, will pay the judgment rendered against him by the said justice of the peace, and all costs

occasioned by said appeal, then the above obligation to be void, otherwise to remain in full force and effect.

"W. M. KNIGHT.          [L. S.]

"J. W. CARLISLE."    [L. S.]

Numerous reasons were incorporated in the motion to dismiss said appeal, and the same are re-asserted here in support of the action of the county court in sustaining said motion.    All of these which we deem it necessary to notice may be embraced under the one general head, that the appeal was not taken and perfected according to law. Whether this is a civil or criminal suit matters not, for the appeal bond contains sufficient to meet substantially all the requirements of the statute providing for an appeal in either case.    The county court is given appellate jurisdiction in such cases.    Sec. 3315, Gen. St. 1883. The mode of appeal is provided in sections 1981 and 1982 for civil cases, and in section 2047 for criminal cases. The appeal bond was sufficient, the appeal was properly taken, and the court erred in dismissing the same.    *Wike v. Campbell*, 5 Colo. 126.    The judgment is reversed and the cause remanded.

STALLCUP and RISING, CC., concur.

PER CURIAM.    For the reasons assigned in the foregoing opinion the judgment is reversed and the cause remanded.

*Reversed.*